# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### EASTERN DIVISION

RALPH W. BOYD                                                                    PLAINTIFF

V.                                              CIVIL ACTION NO. 1:09CV156-A-A

SOCIAL SECURITY ADMINISTRATION                                  DEFENDANT


## REPORT & RECOMMENDATION


Plaintiff Ralph W. Boyd filed this case *pro se* on June 25, 2009 [Docket 1], along with a

motion to proceed *in forma pauperis* ("IFP").  Docket 2.  Plaintiff was granted IFP status on July

21, 2009.  Docket 4.  The court denied plaintiff's subsequent motion for appointment of counsel.

Docket 6, Docket 10. Defendant has filed a motion to dismiss this case under Rule 12(b)(6),

contending that because the plaintiff failed to exhaust his administrative appeals remedies, the

court is without jurisdiction to review this case.  Docket 9, pp. 2-3.  The plaintiff failed to

respond to defendant's motion; on October 29, 2009, the court *sua sponte* granted plaintiff

additional time to respond to the motion to dismiss and warned plaintiff of the effects of failing

to file a response.[1]  Docket 11.  On November 6, 2009 plaintiff went to the Office of the clerk of

Court in the Federal Courthouse in Aberdeen, MS to inquire about the status of his case.  To date

plaintiff has not filed a response to the motion to dismiss.

---

[1]By Order dated October 29, 2009, the court held:
> If plaintiff fails to file a response, the court will have no alternative
> but to rule on the motion without the plaintiff's side of the story, or
> argument in support of the plaintiff's case.  Additionally, plaintiff's
> failure to timely file a response could result in dismissal of the
> plaintiff's claims.

Plaintiff's complaint seeks benefits under the Social Security Act for an unspecified time period from 2006 to 2008 due to illness. Docket 1. According to defendant's motion to dismiss, in 1997 and again in 1999 the plaintiff filed applications for benefits under Title II and Title XVI of the Social Security Act. Docket 9, p. 2. He did not appeal the adverse administrative determinations of these applications. *Id.* On March 5, 2009 plaintiff filed an application under Title XVI for supplemental security income ("SSI"), and the State agency determined that he was disabled. *Id.* Although his current complaint seeks past benefits from 2009 to 2006, there are no records indicating that plaintiff filed an application for benefits in 2006. *Id*.

Defendant moves to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. In considering the motion, the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). "Taking the facts alleged in the complaint as true, if it appears certain that the plaintiff cannot prove any set of facts that would entitle it to the relief it seeks," dismissal is proper. *Id.* Only if it appears beyond any doubt that the plaintiff "can prove no set of facts in support of his claim which would entitle him to relief" may the court dismiss the case under Rule 12(b)(6). *Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir.1995) (citations omitted). Even if it appears a near certainty that the facts as alleged in the complaint cannot be proved to support the claim, the court cannot dismiss the complaint so long as it states a claim. *Boudeloche v. Grow Chemical Coatings Corp.*, 728 F.2d 759, 762 (5th Cir.1984). However, if a required element, a prerequisite to obtaining the requested relief, is lacking in the complaint, dismissal is proper. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir.1995) ("Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to

dismiss.").

Title 20 of the Code of Federal Regulations, Sections 405(g) and (h) provide the exclusive basis for judicial review of a social security case. If a claimant fails to follow all procedural requirements, including appealing the administrative denial of a social security application and obtaining an adverse final agency decision, the district court does not have the legal power to review the agency's decision regarding a claim for benefits under the Social Security Act. *See* 42 U.S.C. 405(g); *Califano v. Sanders*, 430 U.S. 99, 108 (1977). Further, "[a]bsent a waiver, sovereign immunity shields the Federal Government and its Agencies from suit." *Federal Deposit Insurance Corp. v. Meyer*, 510 U.S. 475 (1994). If the United States has consented to be sued, that right to sue is created by statute, and the statute provides a special, exclusive remedy and court jurisdiction to hear the case. *United States v. Babcock*, 250 U.S. 328, 331 (1919).

Social Security Administration regulations set out the specific administrative steps a plaintiff must take before he may appeal a decision. *See* 20 C.F.R. §§ 404.902, 416.1402. First the plaintiff files an application for benefits and receives an initial determination. *Id.* If he is not satisfied with the determination, he may request reconsideration. *See* 20 C.F.R. §§ 404.907, 416.1407. If, after reconsideration, plaintiff is still dissatisfied with the determination he may request a hearing before an ALJ. *See* 20 C.F.R. §§ 404.929, 416.1429. In this case, the plaintiff did not request reconsideration of the denial of his 1997 or 1999 applications and did not request a hearing before an ALJ. In short, he failed to follow the necessary steps to obtain a decision that is proper for consideration by this court.

Title 42 of the United States Code, Section 405(g) authorizes judicial review of only a

"final decision of the Commissioner of Social Security made after a hearing." 42 U.S.C. §

405(g). In this case the plaintiff did not appeal denials of his applications of 1997 and 1999 and

has provided no evidence that he filed an application in 2006. Accordingly, the court concludes

that plaintiff failed to follow the requisite steps to appeal any determination by the Social

Security Administration to this court. The court does not have proper jurisdiction, or judicial

authority, to review the plaintiff's claims. The undersigned recommends that the defendant's

motion to dismiss be granted and that the plaintiff's claims be dismissed.

The parties are referred to 28 U.S.C. §636(b)(1)(B) and FED. R. CIV. P. 72(b) for the

appropriate procedure in the event any party desires to file objections to these findings and

recommendations. Objections are required to be in writing and must be filed within fourteen

(14) days of this date and "a party's failure to file written objections to the proposed findings,

conclusions, and recommendation in a magistrate judge's report and recommendation within

fourteen (14) days after being served with a copy shall bar that party, except upon grounds of

plain error, from attacking on appeal the unobjected-to proposed factual findings and legal

conclusions accepted by the district court . . . ." *Douglass v. United Services Automobile*

*Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*) (citations omitted).

Respectfully submitted, the 16th day of December, 2009.


/s/ S. Allan Alexander
UNITED STATES MAGISTRATE JUDGE


4